# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

---

IN RE: :
Franklin S. Pendleton : CASE NO.: 17-01190
 : DEBTORS' PLAN
 Debtor(s). :

---

The Debtor(s) propose the following Plan under 11 U.S.C. § 1321, 1322.

(1) The Debtor(s), or Debtor(s) employer, shall pay to the Trustee, out of Debtor(s) future earnings or other income, the sum $ 491.00  each month. The Debtor(s) submit(s) all, or such portion of Debtor(s)' future earnings or other income as is necessary for the execution of the Plan, to the control of the Trustee, 11 U.S.C. § 1322(a)(1). The Trustee may reevaluate the Plan payment amount after the expiration of the Bar Date for filing claims herein and that should a greater payment amount be required to satisfy all claims in full, the Debtor(s) agree to allow the Trustee to amend the Plan accordingly. In addition, the Debtor(s) shall send copies of Debtor(s) federal and state tax returns to the Trustee each year. The term of this Plan is 36  months.

(2) All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless the holder of a particular claim agrees to a different treatment of such claim. 11 U.S.C. § 1322(a)(2).

(3) The Debtor(s) is allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual. 11 U.S.C. § 1322 (b)(1).

(4) Creditors holding unsecured claims shall be divided into three classes. 11 U.S.C. § 1322 (a)(3).

**Class A.**   Class A shall consist of Creditors holding allowed unsecured claims of $10.00 or less. The claims of such Creditors shall be paid in full prior to any payment on unsecured claims in Class B.

**Class B.**   Class B shall consist of Creditors holding allowed unsecured claims for any amount greater than $10.00. The claims of such Creditors shall be paid pro rata over the period of the Plan.

**Class C.**   Class C shall consist of unsecured Creditors who fail to file their claim on or before the last date established by the Court to file a claim. Claims in this class shall be classified as untimely claims and be paid zero percent.

(5) Creditors holding allowed unsecured claims in Classes A and B shall be paid on a pro-rata basis which shall be approximately __100__ cents on each dollar. No interest accruing after the date of the filing of the petition shall be allowed on claims of Creditors holding allowed unsecured claims. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. § 502(b)(2).

(A)

(6) The holder of any allowed secured claim provided for by the Plan shall retain a lien securing such claim until the Debtor(s) have made the payment of the underlying debt determined under non-bankruptcy law or discharge as required under 11 U.S.C. § 1325(a)(5)(B)(i); whichever occurs sooner. Secured Creditors are notified pursuant to 11 U.S.C. § 1322(b)(2) that this Plan does modify the rights of holders of secured claims.

   (A) The post-petition payments on the claim of Mortgage Lenders of America LLC, which is secured by the Debtor(s)' homestead, shall be paid directly by the Debtor(s).

   (B) The post-petition payments on the claim of Gateway One Lending & Finance, which is secured by the Debtor(s)' 2012 Chevrolet Traverse, shall be paid directly by the Debtor(s).

**NOTICE TO SECURED CREDITORS REGARDING THE SENDING OF MONTHLY STATEMENTS:**

**Creditors whose loans are secured by motor vehicles and are receiving post petition payments directly from the Debtor(s) are authorized to send to the Debtor(s) monthly statements for the payment of Debtor(s)' Post-Petition payments. Said monthly statements shall not be a violation of the automatic stay.**

**Mortgage Creditors are hereby notified that by virtue of this Plan, they are authorized to send to the Debtor(s) monthly statements for the payment of Debtor(s)' Post-Petition mortgage payments. Said monthly statements shall not be a violation of the automatic stay.**

(7) The Debtor(s) will pay all post-petition claims allowable under 11 U.S.C. §1305 when and if such a claim arises and said claims shall be paid in full.

(8) The Trustee shall make periodic cash payments to the holder of any allowed secured claim at a rate in excess of any decreases in value of any personal property securing the claim. 11 U.S.C. § 361(1). Distribution to secured Creditors will not commence until their claim is allowed. Distributions to allowed secured claims shall be paid contemporaneously with priority claims and allowed unsecured claims shall not begin to receive distributions until the secured and priority claims have been paid in full.

(9)     The Debtor(s) intends to surrender the property subject to the following claims. 11 U.S.C. § 1325(a)(5)(c). Such surrender shall be deemed a satisfaction of the secured claim in the amount indicated.

                                                                                                              Value of Surrendered Property

        (A)                                                                                                                   $_____

(10)    The Debtor(s) complains that each of the following liens are either judicial or non-possessory, non-purchase money liens encumbering property of a kind specified in 11 U.S.C. § 522(f)(2)(A)(B) or (C), which the Debtor(s) has claimed as exempt and is entitled to claim as exempt in this case. Unless any such lien Creditor listed below in this paragraph files a timely objection to the confirmation of the Plan and the Court after hearing the objection finds the Debtor(s) may not avoid the lien of such Creditor under 11 U.S.C. § 522(f), then upon confirmation of the Plan the property encumbered by the lien of any such lien Creditors shall vest in the Debtor(s) free and clear of any lien claim or interest of any of the Creditors as provided by 11 U.S.C. § 1327, and the claims of the Creditors shall be allowed as unsecured claims and paid on a parity with other allowed unsecured claims.

        (A)

(11)    **EXECUTORY CONTRACTS:**

        (A)      The Debtor(s) hereby rejects as burdensome the following executory contracts of the Debtor(s). Any claim filed by a Creditor arising from the rejection of such executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim. 11 U.S.C. § 520(g).

                (1)

        (B)      The Debtor(s) hereby assumes the following executory contracts.

                (1)

(12)    **CREDITORS SECURED BY PERSONAL PROPERTY:**

The following named secured Creditors have a lien on collateral in the possession of the Debtor(s). Opposite each secured Creditor's name is the dollar amount of the value the Debtor(s) places on the secured Creditor's interest in the estate's property. Unless a secured Creditor objects to the value fixed herein prior to the Bar Date for Objecting to the Plan then the amount set out will be deemed the value of the secured Creditor's interest for purposes of establishing the secured claim to be paid by the Trustee through the Plan. Furthermore, it is the Debtor(s)' intent that any claim allegedly secured by personal property which is not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the Trustee will pay the claim.

                                                                                                                    Value

        (A)                                                                                                        $_____

(13) **CREDITORS SECURED BY REAL ESTATE:**

The following named secured Creditor(s) have a mortgage against real estate owned by the Debtor(s). Opposite each Creditor's name is the dollar amount of the mortgage arrearages which existed on the date of the filing of the Bankruptcy Petition.

**Mortgage claims shall be filed by the claims bar date; however, in the event that a mortgage creditor cannot file their Proof of Claim by said bar date, then said bar date is extended until the date that said Proof of Claim actually gets filed and the Trustee shall pay said Claim.**

|     |     | Amount |
| --- | --- | --- |
| (A) | Mortgage Lenders of America LLC | $11,322.00 |
|     | (Arrearages on real estate listed on Schedule A) | |

(14) The Debtor(s) further represents an ability to carry out this Plan, that it is in good faith, and is his best effort.

(15) The Trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the Plan or extend or shorten the time for any such payments, where the circumstances of the Debtor(s) so warrant or require; provided, that any moratorium on payments or reductions in amount in excess of a period of 90 days must be with Court approval.

|  |  |
|---|---|
| | /s/      Franklin S. Pendleton |
| Dated:   06/15/2017 | Franklin S. Pendleton |

/s/      Michael L. Jankins
Michael L. Jankins      IS9-99-9998
700 Second Avenue Suite 103
Des Moines, Iowa    50309
Telephone:     (515) 255-1855
Facsimile:      (515) 867-5392
ATTORNEY FOR DEBTOR(S)

Summary of Debts as scheduled:

| | |
|---|---|
| Priority: | $            0.00 |
| Secured or partially secured: | $     202,521.00 |
| Unsecured: | $         4,767.00 |
| TOTAL: | $     207,288.00 |

# CERTIFICATE OF SERVICE

I, Candace E Dupuy, state I am the secretary for Michael L. Jankins, and on the _16_ day of  June , 2017 I personally mailed a copy of the foregoing Debtor(s)' Plan to the following:

Franklin Pendleton
1313 9th Avenue Place SE
Altoona   IA   50009

AAMS
4800 Mills Civic Pkwy Suite 202
West Des Moines, IA 50265

Allied Interstate
PO Box 361445
Columbus, OH 43236

Ames Oral Surgeons
1212 Duff Ave
Ames, IA 50010

Credit Management System
453 Hwy 1 West
Iowa City, IA 52246

Credit One Bank
PO Box 98873
Las Vegas, NV 89193

CU Recovery
26263 Forest Blvd
Wyoming, MN 55092

Dish Network
Dept 0063
Palatine, IL 60055

Gateway One Lending & Finance
160 N. Riverview Dr. Suite 100
Anaheim, CA 92808

Global Credit & Collection Corp
5440 N. Cumberland Ave Suite 300
Chicago, IL 60656

Greater Iowa Credit Union
PO Box 665
Ames, IA 50010

Kinum Inc
2133 Upton Dr Suite 126-129
Virginia Beach, VA 23454

Mary Greeley Medical Center
1111 Duff Avenue
Ames, IA 50010

Mediacom
225 S. Dayton Ave
Ames, IA 50010

Mortgage Lenders of America LLC
1 Corporate Dr, Suite 360
Lake Zurich, IL 60047

Nicole Bryant
405 4th St
Garwin, IA 50632

Petosa Law LLP
1350 N.W. 138th St #100
Clive, IA 50325

Pinnacle Credit Services
PO Box 640
Hopkins, MN 55343

Progressive
Dept 0561
Carol Stream, IL 60132

The Receivable Management Services
240 Emery St
Bethlehem, PA 18015

University of Iowa
College of Dentistry
801 Newton Rd
Dental Science Bldg
Iowa City, IA 52242

the same being in a sealed envelope with the proper postage thereon addressed to the said person and/or business at the last known post office address, by depositing the same on said date in a United States Post Office mail receptacle.

    Debtor's Plan will be electronically mailed by the Clerk to:

    Office of US Trustee @ USTPRegion12.DM.ECF@usdoj.gov
    Carol F. Dunbar cfdunbar@cfu.net

    /s/    Candace E. Dupuy
    Candace E. Dupuy